**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**ROBERT EUGENE DENNY**                                                        **PLAINTIFF**

**v.**                               **No. 1:15–CV–51-JM-BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration**                                    **DEFENDANT**

**Recommended Disposition**

**Instructions**

The following recommended disposition was prepared for Judge James M.

Moody Jr.  A party to this dispute may file written objections to this recommendation.

An objection must be specific and state the factual and/or legal basis for the objection.

An objection to a factual finding must identify the finding and the evidence supporting

the objection.  Objections must be filed with the clerk of the court no later than 14 days

from the date of this recommendation.[1]  The objecting party must serve the opposing

party with a copy of an objection.  Failing to object within 14 days waives the right to

appeal questions of fact.[2]  If no objections are filed, Judge Moody may adopt the

recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Robert Eugene Denny seeks judicial review of the denial of his second application for supplemental security income.[3]  In the past, Mr. Denny worked as a painter,[4] but he stopped working in 2002 to care for his disabled wife.[5]  In the second application, he alleged disability since 2002, but SSI is not payable before a claimant applies.[6]  For that reason, the earliest SSI is payable is September 29, 2011.  Mr. Denny based disability on degenerative changes in his spine and arm weakness.[7]

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ identified chronic back pain as a severe impairment.[8]  The ALJ determined that Mr. Denny could do some light work.[9]  Because a vocational expert

---

[3]SSA record at pp. 52-53 (applying on Sept. 29, 2011 and alleging disability beginning Jan. 1, 2002).

[4]*Id*. at pp. 118 & 136

[5]*Id*. at p. 161.

[6]20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[7]SSA record at p. 53.

[8]*Id*. at p. 13.

[9]*Id*. at pp. 13-14.

identified available light work, the ALJ determined Mr. Denny was not disabled and

denied the application.[10]

After the Commissioner's Appeals Council denied a request for review,[11] the

decision became a final decision for judicial review.[12]  Mr. Denny filed this case to

challenge the decision.[13]  In reviewing the decision, the court must determine whether

substantial evidence supports the decision and whether the ALJ made a legal error.[14]

This recommendation explains why the court should affirm the decision.

**Mr. Denny's allegations**.  Mr. Denny challenges: (1) the development of the

record, arguing that the ALJ should have ordered a mental diagnostic evaluation, and

(2) the evaluation of his credibility, arguing that the ALJ should have credited his

---

[10]*Id*. at p. 18.

[11]*Id*. at p. 1.

[12]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[13]Docket entry # 1.

[14]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

allegations about medication side effects.  For these reasons, he maintains, substantial evidence does not support the ALJ's decision.[15]

**Applicable legal principles**.  For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Mr. Denny could do some light work.  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[16]  The ALJ required light work only involving occasional stooping, crouching, crawling, or kneeling.  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Mr. Denny can work within these parameters.  A reasonable mind will accept the evidence as adequate for the following reasons:

> 1. **Medical evidence establishes no disabling symptoms**.  A claimant must prove disability with medical evidence; his allegations are not enough to prove he is disabled.[17]  The ALJ identified chronic back pain as

---

[15]Docket entry # 10.

[16]20 C.F.R. § 416.967(b).

[17]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory

a severe impairment, but back pain is not an impairment; it is a symptom.[18]  A symptom cannot establish an impairment.[19]  Although the ALJ erred by identifying a symptom as a severe impairment, it caused no harm because the ALJ proceeded through all steps of the disability-determination process.[20]

Despite the mistake, diagnostic imaging shows small subligamentous disc bulges in the spine at four levels and disc desiccation at three levels.[21] These diagnostic findings support complaints of back pain, but not disabling pain.

The presence of disc bulges and the modifier "small" have little evidentiary value because a damaged or diseased disc does not necessarily

---

findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[18]*Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998) ("Pain is a nonexertional impairment.").

[19]SSR 96-4p, Pol'y Interpretation Ruling Titles II & XVI: Symptoms, Medically Determinable Physical & Mental Impairments, & Exertional & Nonexertional Limitations ("A 'symptom' is not a 'medically determinable physical or mental impairment' and no symptom by itself can establish the existence of such an impairment.").

[20]*Bowen v. Yuckert*, 482 U.S. 137, 156-57 (1987) (O'Connor, J., concurring) (explaining that the Social Security Act authorizes the Commissioner to weed out applications by claimants who cannot possibly meet the statutory definition of disability at step two of the disability-determination process; the Commissioner identifies severe impairments at step two).

[21]SSA record at p. 216.

mean a person will have pain or another symptom.[22]  If a disc bulge
impinges on the thecal sac or a nerve root, a person will likely experience
symptoms.[23]  The imaging shows no significant impingement of the thecal
sac or nerve roots.[24]

Medical experts who reviewed the diagnostic findings limited Mr. Denny
to light work.[25]  A reasonable mind will accept the evidence as adequate
because the ALJ accounted for back pain by requiring light work and
limiting stooping, crouching, crawling, and kneeling.

2. **Treatment efforts undermine credibility**.  Because there is little
medical evidence, Mr. Denny's claim depends on the credibility of his
subjective complaints.  "Subjective complaints may be discounted if there
are inconsistencies in the evidence as a whole."[26]  The record reflects
inconsistencies in the evidence as a whole.

Mr. Denny complained about many disabling symptoms — back pain,
shoulder pain, leg pain, knee pain, foot pain, chest pain, numb arms and
hands, depression, anxiety, dizziness, headaches, sleeplessness, and
ringing ears[27] — but he sought little treatment.  The record documents

---

[22]*See* 2 Lawyers' Med. Cyclopedia § 16.9[C] ("Whether a patient experiences
discomfort from the disc disease depends on …canal, and foramen size, as well as the
percentage of disc herniated."); Dan J. Tennenhouse, Attorneys Med. Deskbook § 24:17
III (4th ed.) ("Protruded disks usually cause no symptoms."); 2 Lawyers' Med.
Cyclopedia § 16.9[B] (explaining that a disc "protrusion may or may not compress the
spinal cord or nerve roots, causing neurological symptoms and signs").

[23]Dan J. Tennenhouse, Attorneys Med. Deskbook § 26:8(3) (4th ed.) ("[L]umbar
nerve root compression at the spine produces the sensation of pain "radiating" down
the leg along the sciatic nerve.").

[24]SSA record at p. 216.

[25]*Id*. at pp. 225 & 226-33.

[26]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[27]SSA record at pp. 83, 89, 98, 107, 110, 134 & 144.

three medical visits during the time period for which benefits were denied; the visits were for symptoms other than the ones forming the basis of his claim.[28]  Three efforts in 25 months suggests no disabling symptoms.[29]  A reasonable mind would expect a person with disabling symptoms to seek medical treatment.[30]  The failure to seek treatment undermines Mr. Denny's credibility.

Mr. Denny's argument about medication side effects fails because it depends on his credibility.  The ALJ properly discounted credibility.  The objective medical evidence indicates that Mr. Denny overstated his symptoms.

3. **The record suggests no reason for a mental diagnostic evaluation**. An ALJ must develop the record about mental impairment if "sufficient evidence alerts the ALJ to the possibility of a severe mental impairment…."[31]  The evidence about mental impairment consists of Mr. Denny's statements that he experienced depression and took an anti-depressant medication.  Nothing suggests the medication did not control depressive symptoms.  The mere fact that Mr. Denny took an antidepressant did not require the ALJ to order a mental diagnostic

---

[28]*Id*. at pp. 211-13 (Mar. 5, 2012, emergency room visit for pneumonia); p. 243 (Jan. 31, 2013, emergency room visit for pneumonia) & p. 237 (Feb. 7, 2013, pneumonia followup).

[29]Mr. Denny reported other medical visits, but the record does not document other visits.  Pharmacy records suggest other treatment.

[30]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (conservative course of treatment undermined claimant's claim of disabling back pain); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for symptoms); *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.").

[31]*Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012).

evaluation.[32]  The evidence does not suggest the possibility of a severe mental impairment.

4. **Vocational evidence supports the decision**.  After determining Mr. Denny's ability to work, the ALJ consulted a vocational expert.  When asked about available work within the limits set out by the ALJ, the vocational expert identified representative jobs:  cashier, receptionist/information clerk, and office clerk.[33]  The availability of these jobs shows that work exists that Mr. Denny could do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[34]

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision.  The ALJ made no harmful legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Mr. Denny's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 15th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[32]*Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003) ("The mere fact that [the claimant] has been prescribed antidepressants on at least one occasion is not enough to require the ALJ to inquire further into the condition by ordering a psychological evaluation.").

[33]SSA record at p. 296.

[34]42 U.S.C. § 1382c(a)(3)(B).